# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK N. JARVIS, | : | CIVIL ACTION NO. **1:CV-14-1492** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY E. D'ANDREA, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.   BACKGROUND.**

On July 31, 2014, the *pro se* Plaintiff, Derek N. Jarvis, a resident of Silver Spring, Montgomery County, Maryland, filed a 15-page typed Complaint against sole Defendant Mary E. D'Andrea, former Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania. (Doc. 1). Plaintiff also filed an Application for Leave to Proceed *in forma pauperis*. (Doc. 2).

Plaintiff indicates that his Complaint is a civil rights action under 42 U.S.C. §1983 and on his civil cover sheet he states that he is alleging "Government sanctioned fraud, Fraud, conspiracy, negligence, failure to prevent [fraudulent] act(s)." Plaintiff indicates that he is seeking $1.5 million in damages. (Doc. 1-1). Plaintiff states that "Mary E. D'Andrea [former Clerk of Court] failed to prevent or remedy the fraudulent act(s) taken against [him] by the Clerk's Office at the Middle District of Pennsylvania, and actually facilitated the violations of [his] civil rights, depriving [him] of equal protection under the law, in violation of 42 U.S.C. §1983." (Doc. 1, p. 1).

Plaintiff's allegations in his present Complaint concern his prior action he filed with this

Court. Specifically, Plaintiff Jarvis filed a previous action with this Court against Defendants Analytical Laboratory Services, Inc., and Enterprise Leasing Company and, he alleged employment discrimination and retaliation. *See Jarvis v. Analytical Laboratory Services*, Civil No. 12-0574, M.D.Pa. On June 4, 2012, the District Court dismissed with prejudice Plaintiff Jarvis' Civil No. 12-0574 case. Plaintiff then filed a Motion for Reconsideration which the District Court denied on June 11, 2012. Plaintiff appealed the dismissal of his case as well as the denial of his Motion for Reconsideration and, on September 27, 2012, the Third Circuit affirmed both of the District Court's rulings. *See Jarvis v. Analytical Laboratory Services*, 2012 WL 4460756 (3d Cir. Sept. 27, 2012). Plaintiff then filed a Motion to Reinstate his case under Fed.R.Civ.P. 60(b), and on November 14, 2012, the District Court denied his Motion. On May 15, 2013, Plaintiff filed a Notice of Appeal regarding the District Court's November 14, 2012 Order. On August 12, 2013, the Third Circuit issued an Order finding that Plaintiff's Notice of Appeal was untimely, and dismissing Plaintiff's appeal for lack of jurisdiction. The Third Circuit stated that since the District Court entered judgment on November 14, 2012, Plaintiff had 30 days to file his Notice of Appeal, *i.e.*, December 14, 2012. The Third Circuit also stated that it reached its "conclusion after careful consideration of all the filings in the District Court, including the Report and Recommendation of the Magistrate Judge." *See* Civil No. 12-0574, M.D.Pa., Doc. 21.

In his instant Complaint, Plaintiff alleges that "[t]he Clerk's Office in the Middle District, deprived [him] of his due process and civil rights laws, which caused [his] appeal [in Civil No. 12-0574, M.D.Pa.] to be filed late and dismissed by the Third Circuit as a result of the Clerk's Office failing to send out [the District Court's] November 14th [2012] Order in a 'timely' manner." (Doc.

1, p. 1). Plaintiff avers that not only did the Clerk's Office fail to send out the District Court's November 14, 2012 Order in a "timely" manner, the Clerk's Office never sent out the Order. In fact, Plaintiff states that he did not receive the District Court's November 14, 2012 Order dismissing his Civil No. 12-0574 case until May 2013, "which caused [his] appeal at the Third Circuit to be dismissed as 'UNTIMELY.'" (*Id.*, p. 2). Plaintiff further alleges that the judicial web site where he reviewed Orders issued in his case in Civil No. 12-0574 never contained the District Court's November 14, 2012 Order dismissing his case even though the District Court's other two Orders regarding his case were on the site. Plaintiff states that this "is a cause for concern and appears to be intentional to prevent [him] from appealing [his case in Civil No. 12-0574] within the (30) day deadline." Plaintiff alleges that the Clerk's Office in the Middle District is completely responsible for the delay regarding his Notice of Appeal since it never sent him the District Court's November 14, 2012 Order dismissing his case. Plaintiff states that he had to contact by telephone the Clerk's Office about his case and then discovered in May 2013, that his case was dismissed by the District Court on November 14, 2012. As such, Plaintiff claims that the Clerk's Office "has no excuse here and are liable under 42 U.S.C. §1983." *(Id.)*.

Plaintiff states that in addition to his due process rights, his equal protection rights under the Fourteenth Amendment were violated by the Clerk's Office, and that the Clerk's Office failed "to intervene and/or prevent act(s) in which (sic) caused his case [Civil No. 12-0574] to be dismissed as a direct result of failing to send out [the District Court's November 14, 2012] Order to [him] ...." Plaintiff also avers that the Clerk's Office "actually facilitated the dismissal of [his Civil No. 12-0574] case" and "caused the deprivation of [his] equal protection rights under the law, violating

3

[his] [Fourteenth] Amendment rights to the Constitution under 42 U.S.C. §1983." *(Id.*, p. 3).

Plaintiff also states that he seeks relief under the Thirteenth Amendment as well as under 42 U.S.C. §1985[1] and §1986, since "federal Defendants have acted to establish, maintain, and perpetuate an environment that deprives pro se litigants of equal protection under the law and thus, discriminates against pro se litigants, dismissing cases without cause and taking advantage of laymen who are pro se in civil rights cases." Plaintiff further alleges that federal Defendants tried to cover up their pattern of violating the rights of pro se litigants by "blatantly violating federal rules of the court and statutes to dismiss cases against pro se litigants, in favor of Defendants many of whom they are connected to." Plaintiff states that Defendant D'Andrea conspired against him, based on his status as a pro se litigant, to prevent him from appealing his Civil No. 12-0574 case within the 30-day deadline. *(Id.*, pp. 4-5). Plaintiff alleges that the Clerk's Office failed to prevent the fraudulent and negligent acts since it failed to send him a copy of the District Court's November 14, 2012 Order dismissing his case. Plaintiff states that Defendant D'Andrea is liable since she had oversight over the Clerk's Office and its employees. *(Id.*, p. 7).

In addition to his constitutional claims against Defendant D'Andrea under §1983, §1982, §1981, §1985 and §1986, Plaintiff asserts state law claims against Defendant for negligence, fraud, misrepresentation, fraudulent concealment, and slander.

As relief in his Complaint, Plaintiff requests compensatory damages, punitive damages as well as declaratory relief and injunctive relief. *(Id.*, pp. 5, 14 - 15). In particular, Plaintiff states that

---

[1] Plaintiff fails to state under what subsection of 42 U.S.C. §1985 he is asserting a claim, but it is clear that he is proceeding under §1985(3), conspiracy to interfere with civil rights.

since his appeal in his Civil No. 12-0574 case was dismissed as untimely, he was not able to pursue his employment discrimination case in which he was seeking millions of dollars in damages. *(Id.,* pp. 5-6).

Since Plaintiff filed an Application for Leave to Proceed *in forma pauperis,* we can screen his Complaint under 28 U.S.C. §1915(e)(2). *See Henry v. Harrisburg Police Dept.*, Civil No. 1:13-CV-2740, M.D. Pa. ("[T]he screening requirements articulated in 28 U.S.C. §1915(e)(2) apply with equal force to prisoner and civilian litigants alike."); *Spangolo v. Watson*, Civ. No. 08-1092, 2008 WL 2622909 (M.D. Pa. June 30, 2008). Plaintiff's Complaint has not yet been served on Defendant D'Andrea and the Court has not yet ruled on his Motion to proceed *in forma pauperis.*

## II.     STANDARDS OF REVIEW.

### *1. Screening pro se in forma pauperis Complaints*

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Because Plaintiff has filed a Motion to Proceed *in forma pauperis,* we are obliged to screen Plaintiff's pleadings under 28 U.S.C. §1915(e) even though he is not an inmate and he is not complaining about prison conditions. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *6 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6,

the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal  - -
>     (i)    is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); §1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350

Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp*., 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Sobina*, 2008 WL 144199, at *3; *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### 2. *Motion to Dismiss Standard*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The

> District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### 3. Bivens Standard

As discussed below, Plaintiff incorrectly states that his case is a civil rights action under 42 U.S.C. §1983. We find that Plaintiff's case is a *Bivens* civil rights action under 28 U.S.C. §1331. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez,* 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the

> responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

It is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode,* 845 F.2d at 1208.

## III.     DISCUSSION.

Initially, as indicated above, we find that Plaintiff's action is not a civil rights action under 42 U.S.C. §1983 since he is not alleging constitutional violations by a state official or a state agency. It appears from the face of Plaintiff's Complaint that the only named Defendant is not a state official, and that Plaintiff has not properly stated a constitutional claim under §1983 against his Defendant. *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa. 2005); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010). Rather, we find that Plaintiff's pleading is a *Bivens* civil rights action under 28 U.S.C. §1331. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This is case is a *Bivens* action to the extent Plaintiff is seeking monetary damages from a federal official for alleged

violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.); *Trader v. R.S.*, 2011 WL 1666931, *5 (E.D.Pa. May 2, 2011)(In *Bivens*, "the Supreme Court held that a violation of [constitutional rights] by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.")(citations omitted). Thus, we have directed the Clerk of Court to correct the docket in the present case to reflect that it is a *Bivens* civil rights action under 28 U.S.C. §1331 and not a civil rights action under 42 U.S.C. §1983.

We also find at the outset that Plaintiff has impermissibly named his sole Defendant Mary E. D'Andrea, former Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania, based on the theory of *respondeat superior*. "Most courts ... have held that liability [in a *Bivens* action] may not be based on *respondeat superior*. *Trader v. R.S.*, 2011 WL 1666931, *6(citations omitted). We agree with the Court in *Trader v. R.S.* and find that liability should not be imposed on Defendant D'Andrea in the present *Bivens* case based on the theory of *respondeat superior*. We find that all of Plaintiff Jarvis' claims against Defendant D'Andrea in his present *Bivens* case are based on the theory of *respondeat superior*.  In fact, the docket in Plaintiff's  Civil No. 12-0574 case shows that Defendant D'Andrea was not personally involved in docketing any filings in the case.

Thus, we will recommend that all claims asserted against Defendant D'Andrea under the theory of *respondeat superior* be dismissed with prejudice.  *Id.*  "Where a Complaint can be remedied by an amendment, a district court may not dismiss the Complaint with prejudice, but must permit the amendment."  *Trader v. R.S.*, 2011 WL 1666931, *5(citing *Grayson v. Mayview*

*State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000); *Urrutia v. Harrisburg County Police Dept*., 91 F.3d 451, 453 (3d Cir. 1006)). Based on the foregoing and based on our finding below that Defendant D'Andrea is entitled to quasi-judicial immunity, we find futility in allowing Plaintiff to amend his constitutional claims against this Defendant. We also find futility in allowing Plaintiff to amend his Complaint to assert his constitutional claims against employees of the Clerk's Office since they would also be entitled to quasi-judicial immunity.

To the extent Plaintiff is rasing a state law negligence claim against Defendant D'Andrea, he must file an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., against the Untied States after he exhaust his administrative remedies. Generally, "the Federal Employees Liability Reform and Tort Compensation Act [ ], 29 U.S.C. §2679, immunizes federal employees from liability if they commit negligent or wrongful acts or omissions while acting within the scope of their office or employment." *Trader v. R.S.*, 2011 WL 1666931, *7. The exclusive remedy with respect to Plaintiff's negligence claims is an action against the United States under the FTCA. *Id*. Thus, Plaintiff cannot assert any of his negligence claims against Defendant D'Andrea or against individuals employed by the Clerk's Office and, that he must assert all of his negligence claims against only the United States through the FTCA. *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008)*; Woods v. Federal Bureau of Prisons*, 2011 WL 6888648 (M.D. Pa. 11-22-11). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Braget v. U.S. Bureau of Prisons,* 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12); *Sash v.*

*Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. § 2675(a); *see also Braget v. U.S. Bureau of Prisons*, 2011 WL 7658892, *6 ;  *Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.).

Further, according to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Thus, a private Plaintiff may not sue the United States  under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 9, 2010).

Thus, we will recommend that all of Plaintiff's state law negligence claims against Defendant D'Andrea be dismissed with prejudice since she is not a proper Defendant under the FTCA.

Finally, we find that Defendant D'Andrea  is entitled to absolute quasi-judicial immunity from damages in this case.

In *Trader v. R.S.*, 2011 WL 1666931, *9, the Court stated:

> judicial immunity may extend to professionals who assist courts in their judicial function. See *Hughes v. Long,* 242 F.3d 121 (3d Cir.2001). It long has been the rule that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court,* 828 F.2d at 1390, *cited with approval in Akins v. Deptford Twp,* 813 F.Supp. 1098, 1102–03 (D.N.J.), *aff'd,* 995 F.2d 215 (3d Cir.), *cert. denied,* 510 U.S. 981 (1993). *See also Sindram v. Suda,* 986 F.2d 1459 (D.C.Cir.1993).

> In *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429 (1993), in which a court reporter sought to assert a claim of absolute judicial immunity, the Supreme Court revisited the question of when judicial or quasi-judicial immunity should be extended to persons who participate in the judicial function. Faced with a claim of quasi-judicial immunity, a court first must undertake " 'a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it.' " 508 U.S. at 432–33 (citations omitted). In the absence of a common-law tradition involving the relevant official, judicial immunity is extended to officials other than judges "because their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." 508 U.S. at 436 (citations omitted). Under this "functional" approach, courts must look to the nature of the function performed and not to the identity of the actor performing it. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). The Court of Appeals for the Third Circuit has applied this analysis to hold that court-appointed custody evaluators enjoyed absolute judicial immunity from civil rights liability because they acted as "arms of the court," a non-judicial person who fulfills a quasi-judicial role at the court's request. *See Hughes v. Long,* 242 F.3d 121 (3d Cir.2001).

We find that Defendant D'Andrea, former Clerk of Court, is entitled to absolute immunity for the alleged conduct in this case, *i.e.,* failing to docket on the web site Plaintiff utilized and failing to notify Plaintiff of the District Court's November 14, 2012 Order. This conduct fell under the Court's power to control its docket as part of its function to resolve disputes between parties and such a function entitles judges and the Clerk of Court to absolute immunity. *Id*., *10(citations omitted). "In addition, courts in [the Third] Circuit and others continue to extend quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in the management of a court's docket." *Id.*, (citations omitted). As in the case of *Trader v. R.S.*, we find that the alleged actions raised by Plaintiff Jarvis with respect to his Civil No. 12-0574 case "are integral to the judicial function and are within the responsibility assigned to clerks." *Id*. Plaintiff's

14

claims clearly rise out of Defendant's duties as an administrator for the District Court, including docketing of documents and transmitting court documents. *See Williams v. Barkman*, 2014 WL 1315992, *1 (W.D.Pa. March 31, 2014).   Further, we find that Defendant D'Andrea is entitled to quasi-judicial immunity with respect to Plaintiff's claims for injunctive relief.  See *Williams v. Barkman*, 2014 WL 1315992, *5(citing *Fox v. Lee*, 99 F.Supp.2d 573, 575-76 (E.D.Pa. 2000)).

Therefore, we find that Defendant D'Andrea, former Clerk of Court, is entitled to absolute immunity in this case. *Id*.; *Williams v. Barkman*, 2014 WL 1315992, *1.

Moreover, insofar as Plaintiff seeks declaratory relief that the alleged "unlawful and fraudulent actions" committed by Defendant violated his constitutional rights, we find that such request for relief should be dismissed.   (Doc. 1, p. 14).

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Plaintiff fails to allege that there is a substantial likelihood that he will suffer injury in the future if the Court does not issue declaratory judgment.  In fact, as stated, Plaintiff admits that his

appeal in his Civil No. 12-0574 case was dismissed by the Third Circuit on August 12, 2013. Further, Plaintiff resides in Maryland and he does not allege that there is a substantial likelihood that someday in the future he will be filing new lawsuits in the Middle District Court of Pennsylvania and that he will again be subject to the alleged conduct and suffer injury in the future. Also, as the Court in *Blakeney* stated, even if Defendants violated Plaintiff's rights in the past as Plaintiff alleges in his Complaint, he is not entitled to a declaration to that effect. *Id.*; *Perez v. Piazza*, Civil No. 12-0227, M.D. Pa.

Therefore, because Plaintiff Jarvis has not met the standards necessary for the Court to issue declaratory judgment, we will recommend that the Court dismiss this request with prejudice, as we find futility in allowing Plaintiff to amend his Complaint with regards to this relief request. *See Blakeney, supra; Perez v. Piazza, supra*.

Accordingly, we will recommend that Plaintiff Jarvis' Complaint be dismissed in its entirety with prejudice.

IV.     **RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Plaintiff Jarvis' *in forma pauperis* request **(Doc. 2)** be granted solely for the purpose of filing this action. It is also recommended Plaintiff Jarvis' Complaint **(Doc. 1)** be dismissed in its entirety with prejudice.

Finally, it is recommended that the Court close this case.

                                             s/ Thomas M. Blewitt
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated: August 8, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK N. JARVIS, | : | CIVIL ACTION NO. **1:CV-14-1492** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY E. D'ANDREA, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 8, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: August 8, 2014**