IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK N. JARVIS, | : | |
|     Plaintiff | : | No. 1:14-cv-01492 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MARY E. D'ANDREA, | : | (Magistrate Judge Blewitt) |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Derek N. Jarvis' motion for reconsideration of the Court's order adopting the Report and Recommendation of Magistrate Judge Blewitt and dismissing his case. (Doc. No. 9.) For the reasons that follow, the Court will deny Plaintiff's motion for reconsideration and the case will remain closed.

### I.  BACKGROUND

This action arises out of an earlier lawsuit, Jarvis v. Analytical Laboratory Services, No. 12-0574 (M.D. Pa. 2012). After Plaintiff's pro se complaint in that earlier action was dismissed, he filed a motion to reinstate his case; the Court denied that motion on November 14, 2012. (Case No. 12-0574, Doc. No. 18.) On May 15, 2013, he filed a notice of appeal to the United States Court of Appeals for the Third Circuit; the Third Circuit subsequently found that his appeal was untimely, and dismissed it for lack of jurisdiction. (Id., Doc. No. 21.)

On July 31, 2014, Plaintiff, proceeding pro se, initiated the above-captioned action, bringing claims against sole Defendant Mary E. D'Andrea, the former Clerk of Court for the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1.) He alleges that the Clerk's Office failed to provide him with a copy of the November 12, 2012 order and failed to post the orders to the judicial website Plaintiff used to review orders issued in his case,

resulting in his untimely appeal.  (Id.)  His complaint included claims under 42 U.S.C. § 1983, alleging that he was deprived of due process and equal protection.  (Id.)  He also brought state law claims including negligence, fraud, misrepresentation, fraudulent concealment, and slander.  (Id.)  He sought $1.5 million dollars in damages.  (Id.)

Magistrate Judge Blewitt screened his complaint under 28 U.S.C. 1915(e), and on August 8, 2014, issued a Report and Recommendation in which he recommended that the Court dismiss Plaintiff's complaint with prejudice.  (Doc. No. 7.)  In relevant part, Magistrate Judge Blewitt made the following specific recommendations: (1) the Court should construe Plaintiff's complaint as a Bivens[1] civil rights action, rather than a Section 1983 action, as it brings claims against a federal official; and (2) Defendant D'Andrea is entitled to absolute quasi-judicial immunity.  (Id.)  On August 27, 2014, after Plaintiff failed to timely object, the Court adopted the Report and Recommendation, dismissed Plaintiff's complaint with prejudice, and closed the case.  (Doc. No. 8.)

On September 5, 2014, Plaintiff filed a motion for reconsideration and to vacate the Court's order dismissing he case.  (Doc. No. 9.)  He argues that the Court must grant his motion in order to prevent "manifest injustice."  (Id.)  Although it is difficult to discern all of Plaintiff's arguments,[2] he specifically contends that his motion should be granted because (1) the Court applied the wrong standard in construing his complaint as being a Bivens action, rather than an

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] For example, Plaintiff asserts that "The ruling by Judge Kane and Magistrate [Judge] Blewitt must . . . be made void . . . [because Defendant] is a federal official and Judge Kane has no jurisdiction to rule on this case without the Defendant being represented by the Department of Justice and the U.S. Attorney's Office in Pennsylvania."  (Doc. No. 9 at 2.)

action arising under Section 1983, and (2) Defendant is not entitled to immunity on his claims.[3]

(Id.)

## II.   DISCUSSION[4]

"The purpose of a motion for reconsideration is to correct manifest errors of fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). "A motion for reconsideration is not a proper vehicle to merely

---

[3] Plaintiff does not appear to specifically challenge the numerous other recommendations of Magistrate Judge Blewitt (see Doc. No. 7), which the Court adopted in its order (Doc. No. 8). This includes the finding that any state law negligence claims against Defendant are barred by the Federal Tort Claims Act, and the finding that liability in a Bivens action cannot be predicated on respondeat superior. (See Doc. No. 7.)

[4] Plaintiff does not state whether he intends his motion for reconsideration to be a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). The nature of Plaintiff's motion is relevant because Plaintiff filed a notice of appeal of the Court's order dismissing his case the same day he filed the present motion for reconsideration. (See Doc. Nos. 9, 10.) Typically the filing of a notice of appeal automatically transfers jurisdiction from the district court to the appellate court. Judkins v. HT Window Fashions Corp., 704 F. Supp. 2d 470, 498 (W.D. Pa. 2010) (citing Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir. 1983)). However, the Third Circuit has stated that District Courts have "jurisdiction to consider a timely Rule 59(e) motion . . . as if no notice of appeal had been filed." Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989). Plaintiffs motion was filed 9 days after the order dismissing his case, which would make it timely under Rule 59(e). Additionally, the "manifest injustice" standard, relied on by Plaintiff, is applied in case law assessing Rule 59 motions. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Wallett v. Pennsylvania Tpk. Comm'n, No. 10-2092, 2013 WL 5947503, at *3 (M.D. Pa. Nov. 5, 2013). Accordingly, the Court construes Plaintiff's pro se motion as one brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and it will consider the motion's merits despite the filing of the notice of appeal.

attempt to convince the court to rethink a decision it has already made." Id. (citation omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

Plaintiff has stated no grounds for reconsideration. Regarding his argument that the Court erred in categorizing his complaint as a Bivens action rather than a Section 1983 action, Plaintiff mischaracterizes the distinction between the two. A civil rights claim under Bivens applies "where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) (emphasis added). Bivens is "the federal equivalent of [a Section] 1983 cause of action;" Section 1983, by contrast, applies to claims where a Defendant acts under color of state law. Id. Defendant is not a state actor; rather, Plaintiff's allegations arise in the context of Defendant position as a federal official – specifically, her former position as Clerk of Court for the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1.) Accordingly, the Court properly classified Plaintiff's complaint as a Bivens action. Moreover, even if there were merit to Plaintiff's argument that his complaint was properly brought pursuant to Section 1983, such an error would have been harmless because "the same legal principles governing a [Section] 1983 claim apply to a Bivens claim." Naranjo v. Martinez, No. 08-1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (citing Brown, 250 F.3d at 800). Accordingly, the Court's findings – such as its conclusion that Defendant is entitled to immunity – would not have changed had it classified Plaintiff's complaint as an action under Section 1983. See Trader v. R.S., No. 11-0039, 2011 WL 1666931, at *10 n.10 (E.D. Pa. May 2, 2011) (citing Antoine v. Byers & Anderson, Inc., 508

U.S. 429, 433 n.5 (1993)) ("Immunity analysis is the same whether the suit is brought against state actors pursuant to [Section 1983] or against federal actors in a Bivens-type action.").

The Court also declines to reconsider its findings regarding immunity.  Plaintiff contends that the Court erred in concluding that Defendant was entitled to immunity in her position as clerk of court (Doc. No. 9 at 8), but "judicial immunity may extend to professionals who assist courts in their judicial function." Trader, 2011 WL 1666931, at *9 (E.D. Pa. May 2, 2011) (citing Hughes v. Long, 242 F.3d 121 (3d Cir. 2001)).  Further, "courts in this Circuit and others continue to extend quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in the management of a court's docket." Trader, 2011 WL 1666931, at *10 (E.D. Pa. May 2, 2011) (citing cases).  Any alleged failure on the part of the Clerk's office to provide Plaintiff with a copy of his order would in any event constitute an action "integral to the judicial function and []within the responsibility assigned to clerks," and the Court finds that Defendant is therefore entitled to immunity on these claims.  See id.

Accordingly, the Court will not reconsider its findings on the immunity issue.  An order consistent with this memorandum follows.[5]

---

[5] The Court declines to address the remainder of Plaintiff's motion, which consists of accusations that the Court was biased, "engaged in misconduct," and "engaged in obstruction of justice" in dismissing his case.  (See Doc. No. 9.)